**This order is SIGNED.**

**Dated: March 25, 2020**



**JOEL T. MARKER
U.S. Bankruptcy Judge**



*dml*

Lon A. Jenkins (4060)
Tami Gadd (12517)
MaryAnn Bride (13146)
Katherine Kang (14457)
OFFICE OF THE CHAPTER 13 TRUSTEE
405 So. Main Street, Suite 600
Salt Lake City, Utah 84111
Telephone: (801) 596-2884
Facsimile: (801) 596-2898
Email: utahtrusteemail@ch13ut.org

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH
### CENTRAL DIVISION

| In re:<br><br>TIFFANY K. WHICKER<br><br>Debtor. | Case No. 19-28258<br>Chapter 13<br>Hon. Joel T. Marker<br>(Confirmation Hearing: *01/21/20 at 2:00 PM*) |
|---|---|

### ORDER CONFIRMING DEBTOR'S CHAPTER 13 PLAN

After notice to all parties in interest, and based on the Trustee's recommendation for confirmation, the Court finds that the Plan meets the requirements of 11 U.S.C. §§ 1322[1] and 1325 and hereby ORDERS AS FOLLOWS:

### CONFIRMATION OF THE PLAN

1. The proposed Chapter 13 plan, as modified by this Order, is confirmed pursuant to § 1325 (hereinafter the "Plan"). Upon the entry of this Order, the effective date of confirmation shall relate back to the date of the confirmation hearing.

---

[1] Unless otherwise stated, all statutory references are to 11 U.S.C. § ___.

2. Confirmation is not a binding determination that the Plan complies with the 36 to 60-month term limits of § 1322(d). If at any time the Trustee determines that the Plan is not feasible because its term is greater than 60 months, the Trustee may serve a Notice of Non-Compliance on the Debtor and Debtor's counsel. The Debtor will have 30 days from the service of such notice to file either an objection to claims or a motion to modify under § 1329 to bring the Plan into compliance with § 1322(d). If the issue is not resolved within such 30-day period, the Trustee may file a motion to dismiss or to convert.

### RETURN TO NONPRIORITY UNSECURED CREDITORS

3. The Debtor shall make the payments described below until nonpriority unsecured creditors receive no less than a 100% distribution on their allowed claims.

### APPLICABLE COMMITMENT PERIOD

4. As designated in Part 8.1 of the Plan this is an above-median case with an Applicable Commitment Period of 60 months, commencing with the first-scheduled meeting of creditors under § 341. Pursuant to § 1325(b), the Debtor must make no less than 60 payments to the Plan in the amounts set forth below.

### REQUIRED PAYMENTS AND CONTRIBUTIONS TO THE PLAN

5. <u>Plan Payments</u>: By the 25th day of each month, the Debtor shall make the required Plan payment to the Trustee of $589.00 (hereinafter the "Plan Payments").

6. All Plan Payments, Tax Refunds, or other monetary contributions made by the Debtor to the Plan are hereinafter referred to as the "Plan Contributions."

### CLASSIFICATION AND TREATMENT OF CLAIMS

7. <u>Trustee Fee</u>. The Trustee is allowed the commission authorized by 28 U.S.C. § 586. Any reference in the Plan to the percentage of such commission is an estimate only, and the Trustee's commission on each receipt will be in the amount fixed by the United States Attorney as of the date the trustee posts the receipt of the Plan Payment to the case.

8. <u>Attorney's Fees</u>: Counsel for the Debtors is awarded fees and costs in the total amount of $1,750.00 as an administrative claim under § 503(b). This allowance of fees includes time for counsel to comply with the requirements of the Claims Review Process, as set forth below, but it does not limit counsel's option to seek additional fees after notice and a hearing on a filed fee

application. Pursuant to the Bankruptcy Rule 2016 Statement filed in this case, counsel received a prepetition retainer of $0.00. The balance of $1,750.00 will be paid by a third party and the Trustee will not make a distribution on these fees under the Plan.

9. <u>Adequate Protection Payments</u>: Adequate protection payments under § 1326(a)(1)(C), are allowed as provided for in Local Rule 2083-1(d) designated in Part 8.1 and the Notice of Adequate Protection Payments (Local Form 2083-1-C).

10. <u>Secured Claims</u>: If a secured claim is provided for in the Plan, The Trustee shall disburse on secured claims only if <u>all</u> requirements under Local Rule 2083-2(c)(1) are met. All disbursements are subject to the Trustee having received monthly Plan Contributions. If the Plan provides for a secured claim, but such creditor files an unsecured claim, and such unsecured claim is deemed allowed under § 502(a) as of the completion of the Claim's Review Process (see below), the Trustee shall at that time administer such claim as a nonpriority unsecured claim pursuant to the terms of the Plan.

11. <u>Mortgage Arrearage Claims</u>.

    a. If a proof of claim is filed asserting a mortgage arrearage, but such claim is not provided for in the confirmed Plan, the Trustee will set up a reserve claim consistent with the proof of claim. The Plan must be modified under § 1329 to provide for the payment of the arrearage claim no later than 30 days after the filing of the Trustee's Report of Claims, or the Trustee will remove the reserve claim and no disbursements will be made on the filed arrearage claim. If the Plan is timely modified to authorize payment of the mortgage arrearage claim, the Trustee will disburse on such claim pursuant to the creditor name and address and the amount of the arrearage in the proof of claim.

    b. The Trustee will cease any disbursements on a mortgage arrearage claim when an objection is filed to such proof of claim. The Trustee will likewise modify disbursements on a mortgage arrearage claim provided for in the Plan if such proof of claim is amended otherwise modified by Court order.

    c. The Debtors shall maintain current contractual installment payments directly to mortgage creditors beginning with the first payment due after the petition date.

    d. Post-petition mortgage payments will be made by the Debtor directly.

12. <u>Secured Tax Claims</u>:  Any allowed secured tax claim filed by a governmental unit shall be paid the secured amount as set forth on the proof of claim, unless there is a determination of the amount of a secured claim under Federal Rule of Bankruptcy Procedure 3012(c). Secured claims of governmental entities will be paid pursuant to Local Rule 2083-2(d).  Nothing in this paragraph shall prohibit the Debtors from filing a timely objection to a deemed-allowed secured tax claim, or prohibit a governmental unit from amending its secured tax claim.

13. <u>Rulings on Claims</u>.  The Court hereby makes the following rulings on claims provided for by the Plan.

    a.   <u>Student Loan Claim of  Navient Solutions, Inc. Claim No. 7 and its amendments</u> . As to the claim entered in the Plan on behalf of Navient PC Trust, this is a student loan that shall be paid directly by the Debtor, outside the Plan.  To the extent such claim is nondischargeable under 11 U.S.C. §§ 1328(a)(2) and 523(a)(8), the Debtor shall remain liable on such claim after completion of the Plan.

    b.   <u>Student Loan Claim of Fedloan Servicing</u>. As to the claim entered in the Plan on behalf of FedLoan Servicing, this is a student loan that shall be paid directly by the Debtor, outside the Plan.  To the extent such claim is nondischargeable under 11 U.S.C. §§ 1328(a)(2) and 523(a)(8), the Debtor shall remain liable on such claim after completion of the Plan.

    c.   <u>Secured Claim of Santander Consumer USA Inc. (Claim No. 5 and its amendments)</u>. The Plan provides for the valuation of the collateral securing the claim of Santander Consumer USA Inc.  The collateral of Santander Consumer USA Inc. is valued at $8,025.00 and the resulting secured claim will accrue interest at the rate of 7.0% per annum.  The Trustee will set up a reserve, secured claim based on these figures, and after an allowed proof of claim is filed, the Trustee will disburse on such secured claim pursuant to the above-stated rulings on value and interest rate.  The unsecured balance of such claim will be fixed based on any filed and allowed proof of claim or by subsequent order of the Court.

2. <u>Executory Contracts and Unexpired Leases</u>:  Pursuant to Part 6 of the Plan, the Debtor(s)' lease or executory contract with the following creditor(s) is specifically assumed under

§ 365, and the Debtors will directly make postpetition lease or contract payments to such creditors pursuant to the conditions in Local Rule 2083-2(n): Westgate Resort timeshare contract.

3. <u>Domestic Support Obligations</u>: Allowed, unsecured domestic support obligation claims entitled to priority under § 507(a)(1)(A) and (B) shall be paid in full or an amount as determined by separate motion under Federal Rule of Bankruptcy Procedure 3012(b).

4. <u>Tax Claims</u>:

a. For purposes of confirmation, Claim No. 3 filed by the Internal Revenue Service ("IRS") is allowed as a priority unsecured claim in the amount of $10,035.55 and a nonpriority unsecured claim in the amount of $3,756.76. The Trustee will hold this claim in reserve and not make any disbursement on this claim until either the IRS files a claim amending Claim No. 3 or the Court enters an order affecting Claim No. 3. The IRS is allowed 120 days from the date of the final confirmation hearing to review the Debtor's tax returns and to file an amended claim if necessary. If the Internal Revenue Service does not timely amend its claim, it shall be allowed in the amounts set forth above, and the Trustee shall disburse funds on the IRS claim. If the IRS timely amends its claim, it shall serve a copy of the amended claim on the Trustee, the Debtor and counsel. If the amended claim asserts any additional tax liabilities, the Debtor shall, within thirty (30) days after service of the amended claim, file a motion to modify the Plan to provide for payment of such liabilities and notice such motion for a hearing. If a notice and motion to modify the Plan are not timely filed, the case may be dismissed without further notice or hearing upon the filing with the Court of a declaration of non-compliance by the IRS or the Trustee.

b. If any additional tax liability is determined to be due after confirmation of the Plan, the Debtor may elect to modify the Plan under § 1329 to include payment of such liability.

5. <u>Nondischargeable Student Loan Claims</u>. Allowed claims for student loan obligations shall be treated as nonpriority unsecured claims. To the extent such claims are nondischargeable under 11 U.S.C. §§ 1328(a)(2) and 523(a)(8), the Debtor shall remain liable on such claims after completion of the Plan.

6. <u>Conditions for Disbursements on Unsecured Claims</u>. Disbursements on allowed

priority and nonpriority unsecured claims may commence after the Claims Review and Trustee's Report of Claims process found in Local Rule 2083-1(l) is complete and funds are available for the Trustee to make a distribution.

## DISTRIBUTIONS ON ALLOWED CLAIMS

7. The Trustee will disburse all contributions to the Plan, including Plan Payments and Tax Refunds, pursuant to the following levels and priority of distribution found in Local Rule 2083-2(e):

    a. Administrative Provisions Regarding Adequate Protection And Equal Monthly Plan Payments:

        (1) If monthly Adequate Protection Payments or Equal Monthly Payments (LR 2083-2(e) Class 1) are specified on a claim, all accrued payments must be current through the date of distribution before the Trustee may disburse to a junior class, but Class 1 claims need not be paid in full prior to a junior class receiving a distribution. After payment of allowed attorney's fees, the Trustee may, but is not required to, disburse to holders of Class 1 claims amounts greater than such designated payments to facilitate the prompt administration of the case.

        (2) To the extent there are insufficient funds to make the required Adequate Protection or Equal Monthly Payments to all creditors, the Trustee may make a pro-rata distribution to such class. Unpaid portions of Adequate Protection or Equal Monthly Payments from a prior month will first be brought current before disbursements are made to lower classes, and Adequate Protection Payments will be brought current before disbursements are made on Equal Monthly Payments.

        (3) If no monthly payments are specified on a claim, payments will be paid pro rata within the designated class.

## CLAIMS REVIEW PROCESS

8. <u>Claims Review Process</u>. Within 60 days following the expiration of the bar date for governmental units to file claims under Bankruptcy Rule 3002(c)(1), the Debtor shall file with the Court and serve on the Trustee a declaration that all claims have been reviewed and that any appropriate objections have been filed and noticed for a hearing.

9. <u>Trustee's Report of Claims</u>.  Within approximately 120 days following the expiration of the Governmental Bar Date, or at such time as all claim issues are resolved, the Trustee shall file and serve on all parties-in-interest a Trustee's Report of Claims ("TROC") that will include a list of claims filed in the case, the amount of such claims, and their treatment under the confirmed Plan (e.g., secured, priority, allowed, disallowed, etc.).  If no objection is filed to the TROC within 21 days after service thereof, it shall be deemed final and incorporated into this Order.  If a written objection to the TROC or an objection to a claim is filed within such 21-day period, the Trustee will file and serve an Amended Trustee's Report of Claims within 30 days after resolution of the objections or motions.  Any such written objection to the TROC must be noticed for a hearing to be held within 30 days after its filing.  If no written objection to the Amended Trustee's Report of Claims is filed within 21 days after service, it shall be deemed final and will be incorporated into the confirmation order.

10. <u>Untimely Claims</u>.  Unless otherwise ordered by the Court, the Trustee will not disburse on any claim that is filed after the applicable deadline of Bankruptcy Rule 3002.

### ADMINISTRATIVE PROVISIONS

11. If the Trustee has filed an objection to an exemption claimed on Schedule C, and such exemption is not specifically ruled on by the Court in connection with confirmation of the Plan, then the Trustee's objection shall remain pending, including for purposes of any motion to modify under § 1329 or in connection with any conversion to another Chapter under the Bankruptcy Code.

12. The Trustee is granted authority to set procedures for making disbursements under the Plan.  Such disbursements shall be made in a manner consistent with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Trustee's Report of Claims as incorporated into this Order pursuant the provisions set forth above.

13. If this case is dismissed, any Plan Contributions received by the Trustee prior to the entry of an order of dismissal shall be paid to creditors pursuant to the Plan, while payments received after the entry of such order shall be refunded to the Debtor.  In making any final disbursement under this paragraph, the Trustee is hereby authorized to decline to disburse funds on any unsettled, contingent, disputed, duplicate, unliquidated, late-filed or otherwise legally

insufficient claim, including where a disbursement check on a claim has been returned to the Trustee as undeliverable by the United States Mail.

14. In the event an error is made in disbursements to creditors, the Trustee may, without prior notice to parties-in-interest, rectify such errors by any legal means including offsets and surcharges against future disbursements in this case owing to the creditor who received the erroneous disbursement.

15. During the term of the Plan, the Debtors shall not sell or transfer any property of the estate whether the collateral is provided for in the Plan without a Court order under § 363 and prior written notice to the Trustee.  A creditor shall not accept any insurance or sale proceeds from collateral provided for in the Plan unless an amended proof of claim is filed with the Court and prior written notice thereof is provided to the Trustee.  If the Plan provides that the Trustee will make disbursements on a specific claim, and that claim is paid from another source, the Trustee shall nonetheless be entitled to the statutory commission on such amount as would have been received by the Trustee under the Plan.  At confirmation, property of the estate vests pursuant to the terms of the Plan and § 1327.

16. During the term of the Plan, the Debtor shall not incur any new material debt without a Court order under § 364.

17. If after confirmation of the Plan, a creditor amends its timely, allowed proof of claim, the Trustee shall give notice to counsel whether such amended proof of claim, if allowed, causes the Plan to be unfeasible.  If the amended claim does not render the Plan unfeasible, and if the Trustee does not receive an objection from Debtor's counsel within ten (10) days after service of such notice, the Trustee shall pay such claim in the amended amount.  If the amended claim renders the Plan unfeasible, the Trustee may move to dismiss the case or to modify the Plan.

18. The Trustee is hereby authorized to exercise discretion in administering this case including, but not limited to, out-of-court resolutions of postconfirmation defaults arising from the Debtor's failure to make timely Plan Contributions.

## END OF DOCUMENT

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Order Confirming Chapter 13 Plan was served upon all persons entitled to receive notice in this case via ECF notification or by U.S. Mail to the following parties on March 19, 2020.

>LAURA FERRIN
>ECF NOTIFICATION
>
>INTERNAL REVENUE SERVICE
>ECF NOTIFICATION

    Michelle Moses /s/
    Office of the Chapter 13 Trustee

**DESIGNATION OF PARTIES TO BE SERVED**

>THE STANDING CHAPTER 13 TRUSTEE
>ECF NOTIFICATION
>
>LAURA FERRIN
>ECF NOTIFICATION
>
>INTERNAL REVENUE SERVICE
>ECF NOTIFICATION
>
>UTAH STATE TAX COMMISSION
>ECF NOTIFICATION
>
>TIFFANY K. WHICKER
>1045 E WATERCRESS LANE #7G
>MIDVALE, UT 84047
>
>NAVAIENT SOLUTIONS, INC.
>C/O NAVIENT SOLUTIONS, LLC.
>PO BOX 9640
>WILKES-BARRE, PA 18773-9640
>
>FEDLOAN SERVICING
>PO BOX 60610
>HARRISBURG, PA 17106
>
>SANTANDER CONSUMER USA INC.
>1601 ELM ST. STE 800
>DALLAS, TX 75201